UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DUONE MORRISON,

                Petitioner,

    v.                                        9:22-CV-1267 (GTS/TWD)

JULIE WOLCOTT, Superintendent,

                Respondent.

---

APPEARANCES:                                    OF COUNSEL:

DUONE MORRISON
Petitioner, pro se
08-A-2086
Attica Correctional Facility
Box 149
Attica, NY 14011

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Duone Morrison seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner initially applied to proceed in forma pauperis ("IFP"); however, the application was not properly certified and the action was administratively closed. Dkt. No. 2, IFP Application; Dkt. No. 3, Administrative Order. Petitioner was provided thirty (30) days leave to properly commence the instant action by either (1) remitting the statutory filing fee of five dollars ($5.00) or (2) submitting a properly certified IFP application. Dkt. No. 3 at 2.

Petitioner successfully requested an extension of time to comply with the Court's

Order, and timely remitted the statutory filing fee. Dkt. No. 4, Letter; Dkt. No. 5, Text Order (granting extension); Dkt. No. 6, Letter (enclosing filing fee); Dkt. Entry dated 12/22/22 (identifying the receipt information for the filing fee transaction). The action was restored to the Court's active docket. Dkt. No. 7, Text Order (reopening case).

## II.   THE PETITION

Petitioner challenges a 2008 judgment of conviction in Albany County, upon a jury verdict, of second degree attempted murder and second degree escape. Pet. at 1-2; *accord People v. Morrison*, 71 A.D.3d 1228, 1228 (3rd Dep't 2010).[1] The New York State Appellate Division, Third Department, affirmed petitioner's conviction and, on June 8, 2010, the New York State Court of Appeals denied petitioner's application for leave to appeal. Pet. at 2-3; *Morrison*, 71 A.D.3d at 1230, *lv. appeal denied*, 15 N.Y.3d 754 (2010). Petitioner did not seek a writ of certiorari from the United States Supreme Court. Pet. at 3.

Petitioner also moved to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"). Pet. at 3-4. Petitioner's 440 motion was filed on March 23, 2020. Pet. at 3. The county court denied the motion on October 1, 2021. *Id.* Petitioner sought leave to appeal; however, on December 30, 2021, the Third Department denied his application. *Id.* at 6.

Petitioner also unsuccessfully applied for a federal writ of habeas corpus seeking emergency release during the COVID-19 pandemic. *See Morrison v. Keyser*, No. 1:20-CV-4398 (S.D.N.Y.) ("*Morrison I*"), Dkt. No. 1, Petition; *Morrison I*, Dkt. No. 24, Order; *Morrison I*, Dkt. No. 25, Judgment. However, that petition challenged petitioner's conditions of his

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

confinement and not his underlying criminal conviction.

Petitioner also indicates that he has an application for a writ of error coram nobis presently pending before the Third Department. Pet. at 8-9, 12. However, petitioner failed to indicate when it was filed. *Id.* at 9

Petitioner argues that he is entitled to federal habeas relief because (1) his indictment was legally insufficient, Pet. at 5-7; and (2) both his trial and appellate counsel were constitutionally ineffective, *id.* at 7-9. For a more complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2] Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[3]

The Third Department affirmed petitioner's conviction and, on June 8, 2010, the Court of Appeals denied petitioner's application for leave to appeal. *Morrison*, 71 A.D.3d at 1230, *lv. appeal denied*, 15 N.Y.3d at 754. Petitioner did not file a writ for certiorari; therefore, his conviction became final for purposes of the AEDPA ninety days later, on September 7, 2010, when the time to seek certiorari expired.[4] *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until September 7, 2011, to file a timely federal habeas petition. The present petition, executed on November 23, 2022, was filed over eleven years and two months too late.[5]

Petitioner argues that his petition should not be time-barred because "all decisions have not been rendered final by the . . . Court of Appeals because there is presently a petition for [a] Writ of Error Coram Nobis pending." Pet. at 13. While this argument addresses whether petitioner has properly exhausted his state court remedies, it does not address whether the instant action was timely filed. Upon an initial review, it does not appear that there are any tolling or equitable provisions that save the instant petition.

First, there are no facts presented in the petition which would indicate that either

---

[3] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[4] Ninety days from June 8, 2010, was Monday, September 6, 2010; that date, however, was Labor Day, a federally-recognized holiday. *See* N.Y. GEN. CONSTR. LAW § 25-a; *see also* Fed. R. Civ. P. 6(a)(1)(C).

[5] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

statutory or equitable tolling apply. Assuming petitioner properly filed his 440 motion, it provides no help saving petitioner's current claims because it was filed too late – eight and a half years after the expiration of the limitations period respectively. An application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").

Moreover, petitioner's habeas petition also failed to toll the statute of limitations. First, the action, commenced in June of 2020, was filed far beyond the expiration of the limitations period. Second, and more importantly, the filing of a federal habeas petition does not operate to toll AEDPA's statute of limitations because it is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Second, petitioner does not assert that he can prove that he is actually innocent. Therefore, the petition appears untimely.

**B.    Exhaustion**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court

prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, Petitioner's claims regarding the legal sufficiency of the indictment and the constitutional effectiveness of his trial counsel appear exhausted. Pet. at 5-7. However, petitioner's claim of ineffective assistance of appellate counsel claim has not been properly exhausted because, per petitioner's own explicit representation, it is still pending in state court. Pet. at 8-9, 12. Accordingly, petitioner's claim is not yet ripe for review since the state courts have not concluded their one complete round of evaluation of said claims. *O'Sullivan*, 526 U.S. at 845.

In petitioner's prayer for relief, he asks that "a stay be issued allowing him to exhaust the issues in his Petition for Writ of Error Coram Nobis and [be] allowed to amend the Habeas Corpus petition presently pending." Pet. at 15. Petitioner's requests that this action be stayed and his petition held in abeyance are denied.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). The Supreme Court has stated, in dicta, that "[i]n

many cases a stay will be preferable . . . and . . . will be the only appropriate course in cases . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)). In similar situations, such requests evaluating "whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017) (applying *Rhines* factors to protective filings where petitioners' are attempting to ensure their habeas petition's timeliness). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

      Here, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner has challenged his conviction via a 440 motion and writ of error coram nobis and he has successfully commenced the two federal habeas corpus actions; therefore, petitioner cannot be said to have any confusion about the state court process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)). Furthermore, petitioner is well aware that his claims must be exhausted prior to the filing of the instant petition, as he was granted a stay to exhaust his state court remedies in *Morrison I* and he asked for a stay in the instant action.

*See Morrison I*, Dkt. No. 17, Motion to Stay; *Morrison I*, Dkt. No. 18, Order (granting stay); *Morrison I*, Dkt. Nos. 19 & 22, Status Reports (informing court of state court procedural posture and, ultimately, requesting stay be lifted); Pet. at 15.

Where, "a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.  Here, for the reasons stated above, it appears that the petition is untimely.  Therefore, whether the petition is filed now or in the future – after exhausting all state court remedies – it will not further jeopardize petitioner's right to obtain federal relief because either way he must explain to the Court why his petition should not be barred by the statute of limitations.

Accordingly, in the interests of judicial economy and efficiency, the Court will dismiss the petition as unexhausted and premature.  *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so.  Accordingly, we dismiss DiGuglielmo's petition without prejudice.  This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[6]  When the state court review concludes, if it is

---

[6] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition would be being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

necessary, petitioner can re-file a new habeas corpus petition. However, petitioner is reminded that any such petition must explain why the statute of limitations should not preclude his petition so that it is not dismissed as time-barred under 28 U.S.C. § 2244(d).

IV. **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[7] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: January 17, 2023

Glenn T. Suddaby
U.S. District Judge

---

[7] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).