UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DUONE MORRISON,

                Petitioner,

v.                                              9:22-CV-1267
                                                                  (GTS/TWD)

JULIE WOLCOTT, Superintendent,

                Respondent.

---

APPEARANCES:　　　　　　　　　　　　　　OF COUNSEL:

DUONE MORRISON
Petitioner, pro se
08-A-2086
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

**I.　　INTRODUCTION**

Petitioner Duone Morrison sought federal habeas relief pursuant to 28 U.S.C. § 2254. On January 17, 2023, the petition was dismissed without prejudice as premature. Dkt. No. 8, Decision and Order ("January Order"); Dkt. No. 9, Judgment.

Petitioner authored a letter, dated February 23, 2023, and received by this Court on March 1, 2023, explaining that he "finally received [his] property (February 18, 2023) and [he] immediately sent [his] original documents to the law library for copies . . . [Petitioner] received [his] copies [on February 23, 2023] and [he is] mailing [the instant letter] . . . to the Court

today along with [his] Notice of Appeal." Dkt. No. 10, Notice of Appeal, at 1.[1] Petitioner indicated that he had "submitted a request for an extension to file [his] notice of appeal recently. However, [he was] also filing [his] Notice of Appeal as well in hopes it is accepted." *Id.*; *see also id.* at 3-4 (copy of Notice of Appeal and Judgment). The envelope the submission was received in was postmarked February 24, 2023. *Id.* at 6.

The appeal was then filed with the Second Circuit. Dkt. No. 12, Notice and Certification. On August 10, 2023, the Second Circuit remanded the case back to this Court "for the limited purpose of . . . rul[ing] on [petitioner's] request for an extension of time to file a notice of appeal or to reopen the time to appeal," pursuant to Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). Dkt. No. 15, Mandate, at 2.

The docket does not indicate that petitioner ever filed a motion requesting an extension of time to file his notice of appeal with this Court, as was referenced in the February letter. However, it appears that sometime between December – when the petitioner sent in his filing fee and last corresponded with the Court before the Judgment was issued a few weeks later – and February – when petitioner authored his letter – petitioner was transferred 300 miles from Attica Correctional Facility, in Wyoming County in the western part of the state, to Upstate Correctional Facility, in Franklin County in the northern part of the state. *Compare* Dkt. No. 6 at 1 *with* Notice of Appeal at 3; *see also* New York State Department of Corrections and Community Supervision ("DOCCS"): Facilities *available at* https://doccs.ny.gov/facilities.

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

**II.     DISCUSSION**

A notice of appeal in a civil case, where the United States is not a party, must be filed within thirty days after entry of the judgment or order from which the appeal is taken. Fed. R. App. P. 5(a)(2); 4(a)(1)(A); *see also Martinez v. Hoke*, 38 F.3d 655, 656 (2d Cir. 1994).

Here, the Judgment was filed on January 17, 2023.  Dkt. No. 9.  In order for the Notice of Appeal to be timely, it had to be submitted on or before February 16, 2023; however, it was not timely submitted.

**A.     Rule 4(a)(5)**

Motions to extend the time to file a Notice of Appeal must be filed no later than thirty days after the time prescribed by Rule 4(a) expires, and the moving party must show excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i), (ii), (5)(C); *see also Martinez*, 38 F.3d at 656.

"[T]he Court of Appeals . . . has instructed the district courts to strictly construe the time restrictions set forth in the amendments to Rule [4.]"  *Bourgal v. Robco Contracting Enterprises, Ltd.*, 17 F. Supp. 2d 129, 132 (E.D.N.Y. 1998); *see also Martinez v. Hoke*, 38 F.3d at 656.  Therefore, "[t]he district court lacks jurisdiction under Rule 4(a)(5) to grant a motion filed beyond the 30-day extension period." *Martinez*, 38 F.3d at 656.

Further, "[t]he 'good cause' standard applies when the need for an extension arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control."  *Alexander v. Saul*, 5 4th 139, 142 (2d Cir. 2021); *see also* FED. R. APP. P. 4 advisory committee's notes to 2002 Amendments (explaining that the two standards "are not interchangeable, and one is

not inclusive of the other," because both "have different domains") (internal quotation marks and citations omitted).

Rule 4(a)(5) would be applicable to extend the notice of appeal deadline so long as the request is filed within thirty days of the original deadline, or, in this case, by March 20, 2023.[2] Here, petitioner's motion was filed with the correctional facility on February 23, 2023,[3] well within the thirty-day grace period. Accordingly, petitioner's motion could be construed as a request to extend the deadline as it satisfies the first prong of Rule 4(a)(5).

In order to fulfill the second prong of the Rule, petitioner must prove either excusable neglect or good cause for his untimely filing. Petitioner explains that he was transferred from one facility to another. This represents an administrative decision which was outside of his control. *See Quezada v. Fishcer*, 9:13-CV-0885 (MAD/TWD), 2014 WL 1289606, at *5 (N.D.N.Y. Mar. 31, 2014) (explaining that the Department of Corrections and Community Supervision "determines where [the incarcerated] will be housed during [their] period of incarceration," and "has broad leeway in deciding where to house the [incarcerated] under its protective care[.]") (citing cases). Further, during that transfer, petitioner was presumably separated from his property and was forced to wait for correctional employees to reunite him with it. This was also a circumstance outside of petitioner's control. Accordingly, the Court will use the good cause standard in evaluating whether an extension is appropriate.

---

[2] The date the deadline terminated was March 18, 2023; however, because that day was a Saturday, the Court finds that the deadline actually terminated on Monday March 20, 2023. *See* Fed. R. Civ. P. 6(a)(1)(c).

[3] The Supreme Court has explained that the prison mailbox rule applies to pro se filings given to prison officials; therefore, the "notice of appeal [wa]s 'filed' . . . at the moment it [wa]s delivered to prison officials for forwarding to the clerk of the district court." *Houston v. Lack*, 487 U.S. 266, 272 (1988). This filing date is further corroborated by the postmark on the envelope, the date after petitioner reports providing the letter and attachments to prison officials, in which the filing arrived. Dkt. No. 10 at 6.

"[C]ourts have found that difficulties frequently encountered by inmates, such as prison transfers, confinement in segregated housing units, and/or limited access to legal materials, especially when considered in light of their pro se status, constitute 'good cause' for purposes of Rule 4(a)(5)." *Levesque v. Clinton County*, No. 9:10-CV-0787 (DNH/DEP), 2014 WL 2090803, at *2 (N.D.N.Y. May 19, 2014) (citing *Stephanski v. Superintendent of Upstate Corr. Facility*, No. 1:02-CV-0562, 2007 WL 210399, at *1 (W.D.N.Y. Jan. 25, 2007) (citing cases)). The same conclusion holds true here. Petitioner's transfer from Attica to Upstate, along with his separation from his legal materials, both amount to good cause.

Therefore, petitioner's motion for an extension of time to appeal is granted.

**B.     Rule 4(a)(6)**

While petitioner's filing satisfies the elements for a motion seeking permission to file a late notice of appeal, the undersigned has also considered whether, and affirmatively determined that, it can be a successful motion to reopen under Rule 4(a)(6).

> [I]n order to qualify for relief under Rule 4(a)(6), the moving party "must establish: (1) that he was entitled to notice of the entry of the judgment; (2) that he did not receive such notice from the clerk or any party within 21 days of its entry; (3) that no party would be prejudiced by the extension; and (4) that he moved [to reopen the time to file an appeal] within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier." *Avolio v. County of Suffolk*, 29 F.3d 50, 52 (2d Cir.1994).

*Cordon v. Greiner*, 274 F. Supp. 2d 434, 440 (S.D.N.Y. 2003).

With respect to the first element, "[p]etitioner . . . is a party to a civil proceeding who is not in default for a failure to appear. Hence, he was entitled to notice of entry of judgment pursuant to Rule 77(d) of the Federal Rules of Civil Procedure." *Cordon*, 274 F. Supp. 2d at 440-41 (citing FED. R. CIV. P. 77(d) and cases). Accordingly, petitioner has satisfied the first

5

requirement of the four-part test.

Next, the Judgment was entered and mailed to petitioner on January 17, 2023; therefore, in order to satisfy the second prong petitioner could not have received said judgment on or before February 7, 2023.  "When the docket shows that a judgment was mailed by the Clerk of the Court to a party and there is no evidence that the mailing was returned to the Clerk by the post office, there is a presumption of receipt."  *Cordon*, 274 F. Supp. 2d at 441.  However, "[t]his presumption of receipt can be rebutted by a specific factual denial of receipt."  *Smurphat v. Washington Co. Sheriff*, No. 9:21-CV-0549 (GTS), 2021 WL 4864338, at *1 (N.D.N.Y. Oct. 19, 2021).  Petitioner specifically rebuts the presumption that the he received the Judgment indisputably mailed to him by the Clerk of the Court by stating that, due to his transfer and the delay in receiving his legal property in conjunction with that move, he did not receive the Judgment until February 18, 2023.  Dkt. No. 10 at 1.  As this date was beyond February 7, 2023, petitioner received the judgment outside of the 21-day window.  Further, petitioner's transfer – demonstrated by his change in address and indicating he traversed half of New York State when he moved from one facility to another – could reasonably produce the set of facts responsible for the delay which petitioner contends occurred.  Moreover, nothing in the record refutes petitioner's assertions.  Accordingly, the second element is satisfied.

Further, there is no evidence to support a finding that any prejudice would occur by reopening the time to file the notice of appeal.  The petition was dismissed before the Court directed respondent to answer it; therefore, respondent has not even had to appear in the instant action.  Therefore, a delay of a few weeks in filing the notice of appeal would have no impact whatsoever on respondent.  Thus, the third element is also satisfied.

Finally, the motion was timely made. The motion deadline is calculated either from the date the judgment was entered or the date from which "the document arrives at the litigant's address, not when it was properly served by the Clerk of the Court." *Petroceli v. FBI Buffalo Div. Field Off.*, No. 1:21-CV-1205, 2021 WL 5323574, at *1 (S.D.N.Y. Oct. 20, 2021) (citing *In re WorldCom, Inc.*, 708 F.3d 327, 333-35 (2d Cir. 2013)). Consequently, in order for the motion to be timely, petitioner must make it from the earlier of either 180 days of the entry of the January Judgment or fourteen days from actually receiving the Judgment in February.[4] Here, the latter date controls. Therefore, in order to be timely, the motion must be made on or before March 6, 2023, and it was.

Accordingly, all four conditions have been met. Alternatively, petitioner's motion could also be construed and granted pursuant to Rule 4(a)(6).

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's motion to have his late Notice of Appeal accepted and filed by this Court, Dkt. No. 10, is **GRANTED**; and it is further

**ORDERED** that, as is consistent with the January Order given none of the relevant circumstances to that inquiry have changed with the instant motion, no certificate of appealability shall issue because petitioner failed to make a substantial showing of the denial of a constitutional right, Dkt. No. 9 at 1; and it is further

**ORDERED** that, in accordance with the Second Circuit's Mandate, Dkt. No. 15 at 2,

---

[4] 180 days from the date the Judgment was entered was July 16, 2023; however, that was a Sunday so the Court found that the deadline was actually Monday July 17, 2023. *See* Fed. R. Civ. P. 6(a)(1)(c). Similarly, fourteen days from February 18, 2023 was March 4, 2023; however, that was a Saturday so the Court determined the deadline was actually Monday March 6, 2023. *See* Fed. R. Civ. P. 6(a)(1)(c)..

the parties are directed to notify the Clerk of the Second Circuit within 30 days of this Decision and Order and that, upon such notification, jurisdiction over the appeal will be automatically restored to the Second Circuit without the need for a new notice of appeal; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated: August 22, 2023
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge